Kirkpatrick, Ch. J.
— From the return of the justice in this cause, it appears that Jonathan Wood, the plaintiff below, had had in his hands a warrant against one Mark Ludlum; that Sampson Ludlum, the defendant below, had written on the back of that warrant, these words, “I enter surety for Marh I/udlv/m’s appearance when called for,” and signed the same with his name; that Wood was afterwards sued for not *53 producing Mark Ludlum, upon this warrant, and had judgment against him; and thereupon he brings this action, being an action of covenant, against Sampson Ludlum, the defendant, upon the above undertaking.
[*] There are several reasons assigned for the reversal of this judgment. I shall take notice only of the second and fifth. The second calls in question the form of the action, being covenant instead of case, and the fifth the ground of the action itself.
It is a plain principle that the action of covenant will not lie upon an instrument without seal. And though great allowance must he made for the inexperience of some of the gentlemen in commission, yet, as in the thirty-eighth section of the act constituting these courts, the legislature have thought proper expressly to require, that the justice should enter in his record, the nature and style of the action, we cannot dispense with it; we are not superior to the law. Here the style or natiore of the action, if any the plaintiff' had, is not entered. And indeed the justice himself, in the progress of the suit, seems to have become sensible of this error in its commencement; for instead of entering a judgment for damages on covenant broken, he has rendered judgment in debt.
But I apprehend this is not the most essential error. A constable upon arresting a defendant on warrant, is not authorized to let him to bail. His duty is to convey him forthwith before the justice who issued the warrant, and if bailed at all, the justice is to let him to bail, and that upon the terms, and in the form prescribed by the act.[2] And then the recognizance is to be to the plaintiff' and not to the officer. This attempt by the constable to let to bail, is in itself an illegal act. The'case is rotten at bottom.
For both these causes, therefore, I think the [41] judgment must be reversed.
Rossell, J. — Concurred.
*54 Pennington, J.
— The state of the demand does not contain a lawful cause of action, being in these words: “Jonathan Woods against Sampson Ludlum, Dr., for not producing Mark Ludlum when required, $100, February 10th, 1806.” The state of the demand ought to [*] have shown that the defendant was legally bound to produce Mark Ludlum, and also alleged damages accruing to the plaintiff, by reason of the not producing him; for this reason alone, provided the plaintiff below had merits, the judgment must be reversed. But the plaintiff below has no cause of action against the defendant below. The transaction was done under color of his office of constable; and not being warranted by law, is illegal — and the undertaking void. Neither will the action of covenant lie in this case. Covenant cannot be brought, except on a sealed instrument. These are substantial errors, that cannot be got over. I am, therefore, for reversing the judgment.
Judgment reversed.
Cited in Sayres v. Inhabitants of Springfield, 3 Halst. 166.

 Pat. 314.